Judqb Owsley
delivered the opinion.
This was a petition and summons brought by Chiles t» recover from Corn the amount of a note given by Corn to Lewis Craig, and by Craig assigned to Chiles.
The note bears date the 20ih of May, 1812, and on this 2ist of the same month was assigned to Chiles.
Corn pleaded, that in a suit, brought by him againsf Craig, alleging, among other things in his bill, that the note was obtained by Craig through his fraud and misrepresentations; and after the service of process on Craig, and whilst the suit was regularly depending, the court pronounced a decree declaring it void, aud directing it to be cancelled; and avers that be had no notice of the assigtuusut of the *231 nCtfr to Chiles until after the decree was rendefr6, See."
Every available <lefence >n the power of °bllS01’ obligee, before assign-a cur,.ii”e be-C fare notice of assignment, signee.
Mibb and Crittenden for appellants.
To this plea Chiles demurred, and Corn having joined in demurrer, the court overruled the demurrer, and render* ed judgment in bar of Chiles’s action.
The case turns in this court on the sufficiency of the'plea tobar Chiks’s action. That the plea would be good to an action on the note, in tbe name of Craig, the obligee, there is-no doubt. It would be good, because, if the note be void, no action can be sustained upon it, and by the decree set forth in the plea, Craig would be estopped to allege tbe note not void. But the present suit is not brought by Ciaig, but by his assignee; and as no art of the obligee can prejudice the assignee, after the obligor has notice of the assignment, the decree eonld have formed no availing deft nee against Chiles, if, before it was rendered, Corn had been notified of the assignment But tbe plea alleges,' that the decree was rendered beforp Corn knew of the assignment to Chiles, and, upon the principle, that an obligor is entitled to every defence against the assignee, which would he availing against the obligee before notice of the assignment, the plea, as it would be good against Craig, was ■properly held by the circuit court to bar Chiles’s action.
The judgment must be affirmed with costs.